```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    NOT FOR PUBLICATION

JUDITH CLARA MAY,

                    Plaintiff,                                        MEMORANDUM AND ORDER

          -against-                                                   17-CV-4405 (PKC)(LB)

"The Illegally Hired Clerks of the Court of the
Appellate Term of the Supreme Court of the State of
New York for the 2nd, 11th, & 13th Judicial Districts,"

                    Defendant.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:
```

On June 14, 2017, Plaintiff Judith Clara May filed a *pro se* complaint in the United States District Court for the Southern District of New York. The action was transferred to this Court on July 26, 2017. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the Complaint is dismissed.

## BACKGROUND

The Complaint asserts federal question jurisdiction, alleging that Plaintiff was denied her Fourteenth Amendment right to Due Process. (Complaint, Dkt. 2 at 2.) The Complaint and an attached document allege that unidentified court clerks at the courthouse located at 141 Livingston Street prevented Plaintiff from using the court's computers to view the entry of her brief in her state court case, *May v. Steven Banks, Commissioner for the Department of Homeless Services*, Index No. 6117/2016. (*Id.* at 8.) Plaintiff states that the clerks had prevented Judge Solomon, who was allegedly assigned to her case, from hearing the Complaint. (*Id.*) Plaintiff further asserts that New York City Mayor DeBlasio gave government jobs as favors to individuals, including to the clerks of the court for the Appellate Term Supreme Court for the

2nd, 11th, & 13th Judicial Districts. (*Id.*) Plaintiff alleges that the clerks were hired illegally and "do not have the education or experience to clerk in any court." (*Id.*) She further explains, "the trial transcript submitted to the Appellate Term by Judge Buggs, Small Claims, Queens, was entirely different than the trial transcript that plaintiff purchased and served." (*Id.* at 9.) In her request for relief, Plaintiff demands an investigation of the hiring of the state court clerks; access to the state court computer system; and an opportunity to speak to the Chief Clerk, Mr. Kenny. (*Id.* at 6, 9.) She also requests unspecified "monetary consideration [that] the court deems just." (*Id.* at 6)

Plaintiff previously filed a submission in this Court alleging that Mayor de Blasio improperly hired state court employees, that the Mayor and court personnel were "member(s) of organized crime - the Mafia," and that "clerks hide files, submit false trial transcripts, write letters and sign the chief clerks [*sic*] name to the letters." *May v. DeBlasio*, No. 17-CV-761 (PKC)(LB) (E.D.N.Y. February 28, 2017), ECF 1 at 1, 2. That case was dismissed for failure to state a claim and for lack of subject matter jurisdiction. *Id.,* ECF 7 at 5.

## STANDARD OF REVIEW

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the same time, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal question jurisdiction may be properly invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

## DISCUSSION

Like Plaintiff's prior complaint alleging similar claims, her current Complaint fails to state a plausible claim for relief. Plaintiff alleges that clerks in the New York State Court system mishandled her case because they were "illegally hired" by Mayor DeBlasio and unqualified for their positions. (Dkt. 2 at 8). However, Plaintiff offers no evidence that Mayor DeBlasio hired

3

the clerks in question. Nor does Plaintiff identify any of these clerks or allege facts supporting the assertion that they are "unqualified." (*Id.*) Indeed, the Complaint fails to plead any facts to suggest that the clerks took any actions that were not part of the routine handling of cases in the New York Court system. Plaintiff does not identify any basis from which this Court can infer a violation of Plaintiff's rights – let alone a violation that could be remedied in federal court. Accordingly, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, Plaintiff does not allege that this Court has subject-matter jurisdiction over her claims involving a federal question under 28 U.S.C. § 1331 or based on diversity of citizenship under 28 U.S.C. § 1332. Plaintiff's only claim is that Defendants injured her constitutional rights under the Fourteenth Amendment, but she does not allege with any particularity the ways in which the injury occurred. Indeed, Plaintiff admits in her Complaint that she "is unable to find a statute that covers this unique situation." (Dkt. 2 at 8.) This Court finds that there is no federal jurisdiction because Plaintiff's Complaint does not "plead a cause of action created by federal law" or "turn on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

To the extent Plaintiff seeks monetary damages, such a claim for relief would be precluded by the Eleventh Amendment, which bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the State's consent to suit or an express or statutory waiver of immunity. *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) ("[T]he New York State Unified Court System is unquestionably an 'arm of the State, and is entitled to

Eleventh Amendment sovereign immunity." (citation omitted)). Accordingly, all of Plaintiff's claims for damages are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## **CONCLUSION**

For the reasons set forth above, the Complaint is dismissed on the following grounds: (1) pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted; (2) there is no federal jurisdiction; and (3) Defendants are immune from suits for monetary damages. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

> */s/ Pamela K. Chen*_____
> PAMELA K. CHEN,
> United States District Judge

Dated: Brooklyn, New York
October 23, 2017